﻿Citation Nr: AXXXXXXXX
Decision Date: 03/13/19 Archive Date: 03/13/19

DOCKET NO. 190116-1599
DATE: March 13, 2019

ORDER

Entitlement to a compensable evaluation of a scar, residual of a hernia repair, prior to August 1, 2018, and an evaluation greater than 10 percent thereafter, is dismissed.

REMANDED

Entitlement to a compensable evaluation for left inguinal hernia, to include on an extraschedular basis, is remanded.

Entitlement to a total rating based on individual unemployability due to the service-connected disabilities (TDIU), to include on an extraschedular basis, is remanded.

FINDING OF FACT

In a January 2019 statement, the Veteran’s attorney withdrew the appeal pertaining to the issue of entitlement to a compensable evaluation of a scar, residual of a hernia repair prior to August 1, 2018, and an evaluation greater than 10 percent thereafter.

CONCLUSION OF LAW

The criteria for withdrawal of the appeal pertaining to the claim of entitlement to a compensable evaluation of a scar, residual of hernia a repair prior to August 1, 2018, and an evaluation greater than 10 percent thereafter, have been met. 38 U.S.C. §§ 7105(b)(2), (d)(5); 38 C.F.R. § 20.204.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals

Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as

amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as

the Appeals Modernization Act (AMA). This law creates a new framework for

Veterans dissatisfied with VA’s decision on their claim to seek review. The Board

is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the

Rapid Appeals Modernization Program.

The Veteran had active service in the United States Army from August 1981 to December 1981, active service in the United States Air Force from April 2010 to October 2010, and active duty for training from February 9, 2013, to February 22, 2013. These matters are on appeal from a January 2019 rating decision. The claim for a TDIU was reasonably raised in the context of the Veteran’s increased rating claim. See Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009); see also VAOPGCPREC 6-96. 

1. Entitlement to a compensable evaluation of a scar, residual of a hernia repair prior to August 1, 2018, and an evaluation greater than 10 percent thereafter.

The Board may dismiss any appeal that fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the veteran or by his or her authorized representative. 38 C.F.R. § 20.204. 

In a January 2019 statement, the Veteran’s attorney withdrew the appeal pertaining to the issue of entitlement to a compensable evaluation of a scar, residual of a hernia repair prior to August 1, 2018, and an evaluation greater than 10 percent thereafter. Hence, there remain no allegations of errors of fact or law for appellate consideration on this issue. Accordingly, the Board does not have jurisdiction to review the issue and it is dismissed.

REASONS FOR REMAND

1. Entitlement to a compensable evaluation for a left inguinal hernia, to include on an extraschedular basis, is remanded.

2. Entitlement to a TDIU, to include on an extraschedular basis, is remanded.

The issues of entitlement to a compensable evaluation for a left inguinal hernia and a TDIU, to include on extraschedular bases, are remanded to correct a duty to assist error that occurred prior to the January 2019 rating decision on appeal. 

In January 2019, the Veteran’s attorney wrote that the Veteran’s left inguinal hernia was manifested by an exceptional disability picture that warranted extraschedular referral. The attorney highlighted the Veteran’s continuous left groin pain that prevented him from sitting for long periods of time, as reported on the August 2018 hernia disability benefits questionnaire. The Veteran and his attorney assert that the Veteran’s inability to sit causes marked interference with employment and is not contemplated under the schedular rating criteria. The Veteran’s claim for an increased rating is being remanded and referred to VA’s Director of Compensation Service for extraschedular consideration. Thun v. Peake, 22 Vet. App. 111, 115-16 (2008).

Lastly, the claim for a TDIU is reasonably raised in the context of the Veteran’s increased rating claim. See Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009); see also VAOPGCPREC 6-96. Therefore, a remand is required to develop the claim of entitlement to a TDIU and to refer the TDIU claim for extraschedular consideration.

The matter is REMANDED for the following actions:

1. Ask the Veteran to complete a TDIU claim form. Then, schedule the Veteran for an examination by an appropriate clinician regarding the current severity of his left inguinal hernia. The examiner should elicit from the Veteran his complete educational, vocational, and employment history and should note his complaints regarding the impact of the left inguinal hernia on employment. The examiner should identify all limitations or functional impairment caused solely by the left inguinal hernia.

2. Refer the Veteran’s claims for an increased rating for a left inguinal hernia and TDIU to VA’s Director of Compensation Service for extraschedular consideration.

3. After the above development, and any additionally indicated development, has been completed, readjudicate the issues on appeal. If the benefits sought are not granted to the Veteran’s satisfaction, send the Veteran and his representative a Supplemental Statement of the Case and provide an opportunity to respond. If 

 

necessary, return the case to the Board for further appellate review.

 

DAVID L. WIGHT

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD R. R. Watkins, Counsel